**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MARIA L. LOPEZ and CARMELO HERRERA, <br><br> Plaintiff, <br><br> vs. <br><br> HSBC BANK U.S.A., N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA), ITS SUCCESSORS AND/OR ASSIGNS, <br><br> Defendants. | CASE NO. <br><br><br> **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, Defendants HSBC BANK U.S.A., N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) file this Notice of Removal and thereby remove to this United States District Court an action which is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2014-CA-000072 (02). Removal is appropriate under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA") and because complete diversity of citizenship exists. The facts and legal authority supporting this Notice for Removal are as follows.

### I.   BACKGROUND FACTS

1. On or about January 2, 2014, Plaintiffs MARIA L. LOPEZ and CARMELO HERRERA ("Plaintiffs") filed the action styled *Maria L. Lopez and Carmelo Herrera v. HSBC*

*BANK U.S.A., N.A. and, Mortgage Electronic Registration Systems, Inc., as Nominee for HSBC Mortgage Corporation (USA),* Case No. 2014-CA-000072 (02), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  A copy of the Class Action Complaint is attached as part of Composite Exhibit 1.

2. In the Class Action Complaint, Plaintiffs seek declaratory, injunctive relief, and damages arising out of a recorded mortgage ("Mortgage") on their real property located in Miami-Dade County ("Property").  Plaintiffs allege that they obtained the Mortgage on November 7, 2007 from HSBC Mortgage Corporation. *See* Composite Exhibit 1, Complaint ("Compl."), ¶ 32.

3. Plaintiffs allege that HSBC Mortgage Corporation assigned the Mortgage to Mortgage Electronic Registration Systems ("MERS"), as nominee for HSBC Mortgage Corporation (USA), its successors and/or assigns. *Id.*, Compl., ¶ 34 & Ex. C.

4. Plaintiffs allege that the Mortgage contained an optional acceleration clause. *Id.*, Compl., ¶ 33.  Paragraph 22 of the Mortgage grants the right to the holder of the Mortgage to accelerate the Mortgage after giving notice and opportunity to cure and meeting other requirements. *Id.*, Compl., Ex. B, p. 14, ¶ 22.  Plaintiffs allege that they defaulted on the Mortgage on September 1, 2008. *Id.*, ¶ 36.  Plaintiffs allege that HSBC filed a foreclosure complaint against them in 2009. *Id.*, ¶ 39 & Ex. E.  Plaintiffs allege that HSBC exercised its right of acceleration. *Id.*, ¶ 37.  Plaintiffs allege that because Defendants did not sue to foreclose the Mortgage within five (5) years of the date of default, the enforcement of the Mortgage is barred by the statute of limitations contained at Section 95.11(2)(c), Florida Statutes. *Id.*, ¶ 38.

5. Plaintiff then allege that on May 26, 2011, an Assignment of Mortgage was recorded which further documented an assignment from MERS, as nominee for HSBC Mortgage

Corporation, its successors and/or assigns to HSBC Bank U.S.A., N.A. *Id*., Compl., Ex. C.

6. Plaintiffs allege that the Class Action Complaint is brought on behalf of a putative class of 50,000 residents and non-residents. *See* Compl., ¶ 22. The Class Action Complaint seeks to certify a class of resident and non-resident borrowers and mortgagors that entered into a note and mortgage with HSBC or MERS, acting as nominee for HSBC Mortgage Corporation, its successors and assigns, where the Defendants accelerated the note and/or mortgage, but failed to file an action within five (5) years of such acceleration. *Id*., ¶ 23.

7. The Class Action Complaint seeks class-wide relief on behalf of residents and non-residents cancelling the Mortgage and any other mortgage meeting the class definition, an injunction against Defendants from asserting rights under such mortgages, and "equitable damages." *See id*., ¶ 29. The Class Action Complaint also prays for an award of attorneys' fees pursuant to Section 57.105(7) and "pursuant to statute and the rules regulating class actions." *Id*., p. 14 and (d) of *ad damnum* clause.

## II.   CONDITIONS OF REMOVAL

8. On or about January 31, 2014, service of process was purportedly perfected on MERS.[1]  HSBC has not been served. A true and correct copy of all other pleadings and process served as of this date is attached hereto as part of <u>Composite Exhibit 1</u>.

9. This Notice of Removal has been filed within thirty (30) days from service of process upon any Defendant.

10. Written notice of the filing of this notice of removal is being filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and provided to other parties as required by law.

---

[1] MERS reserves full rights to challenge the sufficiency of service of process.

11. Plaintiffs allege that they are citizens and residents of Miami-Dade County, Florida. *See* Compl., ¶ 4. Plaintiffs' Class Action Complaint centers on the Property which Plaintiffs allege that they own in Miami-Dade County, Florida and the Mortgage recorded in Miami-Dade County on that Property. *Id.*, ¶ 1. Exhibit "A" to the Complaint states that the address for Plaintiffs is in Miami-Dade County, Florida. Accordingly, Plaintiffs are citizens of Florida.

12. Defendants are citizens of states other than Florida. The principal place of business of a corporation is the corporation's nerve center, which is the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

13. Plaintiffs do not identify the state of incorporation or principal place of business of MERS. However, MERS is a Delaware corporation having its principal place of business in Virginia. *See* <u>Exhibit 2</u>. Accordingly, MERS is a citizen of Delaware and Virginia.[2]

14. HSBC Bank USA, National Association is a federally-chartered financial institution having a principal place of business in McLean, Virginia and is not a citizen of Florida for jurisdictional purposes. *See* 12 U.S.C. § 1464 (x) ("In determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office"). Therefore, HSBC is a citizen of Virginia, and not a citizen of Florida.

---

[2] MERS is identified in the caption as the "nominee for HSBC Mortgage Corporation (USA)." HSBC Mortgage Corporation (USA) is a Delaware corporation, with a principal place of business in New York.

### III. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT OF 2005.

15. This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over putative class actions, involving over 100 putative class members, where any member of the putative class of plaintiffs is a citizen of a State different from any Defendant, and in which the amount in controversy exceeds $5 million. As set forth below, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA.

#### A. Putative Class Action.

16. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). Plaintiffs filed this class action under Federal Rule 23 (perhaps anticipating removal). *See* Compl., ¶ 13.

#### B. Class Consisting of More than 100 Members.

17. The Class Action Complaint is brought on behalf of a putative class of 50,000 individuals. *See* Compl., ¶ 22. The Class Action Complaint seeks to certify a class of resident and non-resident borrowers and mortgagors that entered into a note and mortgage with HSBC or MERS, acting as nominee for HSBC Mortgage Corporations, its successors and assigns, where the Defendants accelerated the note and/or mortgage, but failed to file an action within five (5) years of such acceleration. Accordingly, the aggregate number of members of the proposed class is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

#### C. CAFA Diversity.

18. The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28

U.S.C. § 1332(d)(2)(A).

19.     Here, the Defendants are citizens of Delaware and Virginia, and the Plaintiffs are citizens of Florida.  Accordingly, under CAFA, at least one proposed class member is a citizen of a state different from a Defendant, thus satisfying the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

**D.  Amount in Controversy.**

**1.  Applicable Legal Standard.**

20.     Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (d)(6).  Without conceding any merit to the Class Action Complaint's allegations or causes of action, the amount in controversy here satisfies this jurisdictional threshold because under Plaintiffs' theories of recovery, the amount in controversy exceeds $5 million.

21.     To determine the amount in controversy, "'a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement…If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.'"  *Lyle v. SunTrust Mortg., Inc.*, Case No. 6:13-cv-150-ORL-36TBS, 2013 WL 2431993, at *1, *2 (M.D. Fla. June 4, 2013) (*quoting Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006)).

**2.  Amount In Controversy As To Plaintiffs' Claims.**

22.     Although Plaintiffs do not expressly allege an amount of damages, they seek a permanent injunction and declaratory relief that the Mortgage is void and quieting title to the

Property, unspecified damages, and attorneys' fees and costs. *See* Compl., ¶¶ 29-30 & p. 18.  In equitable actions, such as for injunction and declaratory relief, the "amount in controversy is measured by the value of the object of the litigation." *Brown Bank III, L.P. v. Cofresi Torres*, Case No. 09-22589-CIV, 2010 WL 10363, at *1, *4 (S.D. Fla. Jan. 4, 2010) (Moore, J.) (*citing Ericsson v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997)); *Lyle*, 2013 WL 2431993, at *3 (*also citing Ericsson*, 120 F.3d at 218).

23. Specifically, in an action for declaratory/injunctive relief and to quiet title regarding a mortgage, the amounts payable under the Mortgage determine the amount in controversy. *Lyle*, 2013 WL 2431993, at *3 (amount in controversy met where plaintiffs sought to quiet title on a $182,000 mortgage); *Cuevas v. SunTrust Mortgage, Inc.*, Case No. 6:13-cv-147-ORL-36DAB, 2013 WL 1452031, at *1, *1 (M.D. Fla. Apr. 9, 2013) (amount in controversy met because the mortgage totaled $255,000); *Lane v. Guaranty Bank*, Case No. 6:13-cv-259-ORL-36TBS, 2013 WL 2436240, at *1, *3 (M.D. Fla. June 5, 2013) (amount in controversy met in declaratory relief case through amounts payable under $115,000 mortgage); *Ra'oof v. U.S. Bank*, Case No 1:10-cv-3347-RWS, 2010 WL 4975496, at *1, *1 (N.D. Ga. Dec. 1, 2010) (in action to quiet title and for declaratory and injunctive relief, the amount in controversy was determined by the value of the property that the plaintiff seeks to protect); *see also Lee-Bolton, Inc. v. Koppers, Inc.*, 848 F. Supp.2d 1342, 1356 (N.D. Fla. 2011) (where plaintiff sought injunctive relief, CAFA amount in controversy was met where "the value of the requested injunctive relief to the putative class members would be the value of each putative class member's property").

24. As to Plaintiffs' claims alone, the amount in controversy is at least $182,000 as evidenced by several documents that Plaintiffs attached to their Complaint:  1) the $182,000

Mortgage itself; 2) a Corporate Assignment of Mortgage again reflecting the principal sum of $182,000; and 3) a foreclosure complaint on the Property demanding the sum of $180,775.04, plus interest, late fees, and other charges. *See* Compl., Ex. B; Ex. C; Ex. D. These documents establish the amount in controversy as to Plaintiffs' claims. *Brown Bank*, 2010 WL 10363, at *4; *Lyle*, 2013 WL 2431993, at *3, *Cuevas*, 2013 WL 1452031, at *1; *Lane*, 2013 WL 2436240, at *3.

25.     In addition to the foregoing, the property records for Miami-Dade County reflect that the prior sale price of the property was $182,000. *See* <u>Exhibit 3</u> (records of Miami-Dade County Property Appraiser); *Brown Bank*, 2010 WL 10363, at *4; *Lyle*, 2013 WL 2431993, at *3, *Cuevas*, 2013 WL 1452031, at *1; *Lane*, 2013 WL 2436240, at *3.

26.     In addition, Plaintiffs seek an award of attorneys' fees pursuant to Section 57.105(7) and "pursuant to statute and the rules regulating class actions." *See* Compl., p. 18. Without conceding the viability of such claim, attorneys' fees can count toward the amount in controversy requirement where they are provided by statute, and a court can consider them in determining whether the amount in controversy requirement is met. *Lee-Bolton, Inc. v. Koppers, Inc.*, 848 F. Supp.2d 1342, 1356 (N.D. Fla. 2011).

### 3. Amount In Controversy As To Putative Class Claims.

27.     Under CAFA, the "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

28.     As referenced above, Plaintiffs have alleged a class of 50,000 residents and non-residents whose claims Plaintiffs allege are *typical* of Plaintiff. *See* Compl., ¶ 18. Plaintiffs specifically allege that: "The claims of Plaintiff are typical of the claims of all the Class

8

Members they represent as they have been damaged legally and/or equitably in the same manner as all of the Class Members." *Id.* ¶ 18. Plaintiffs further allege: "The equitable damages caused to Plaintiff, as well as the equitable damages of each class member, was directly and proximately caused by the acts of Defendants or those under the direction, control, and supervision of Defendants." *Id.*, ¶ 29.

29.   In determining the amount in controversy, the court is permitted to make reasonable inferences. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (stating that a removing defendant can establish jurisdiction by making specific factual allegations and can support them with evidence "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations"); *Jovine v. Abbott Laboratories, Inc.*, Case No. 11-CV-80111, 2011 WL 1337204, at *1, *4 (S.D. Fla. Apr. 7, 2011) (Cohn, J.).

30.   Plaintiffs' claims are based on an approximate $182,000 Mortgage. *See* Compl., Ex. B; Ex. C; Ex. D. If Plaintiffs' $182,000 claim is "typical" of the approximately 50,000 putative class members' claims, as Plaintiffs allege, then the value of the class members' claims for purposes of the amount in controversy would exceed $ 5 million, exclusive of interest and costs. Indeed, if each of the remaining 50,000 class members claimed only declaratory and injunctive relief amounting to just $100 each, when combined with the value of Plaintiffs' $182,000 claim, the aggregated claims would easily exceed the $5 million threshold.

31.   Here, on the face of the Class Action Complaint, it is alleged that the class size is at least 50,000 individuals. *See* Compl., ¶ 22. Plaintiffs have alleged that their claims are typical of those of the remaining 50,000 class members and they seek to remove a $182,000 Mortgage from their Property. *See* Compl., ¶¶ 18. Applying their alleged typical claim to the remaining class members results in a number that easily exceeds the $5,000,000 minimum threshold.

32.     Further, the Court can take judicial notice that the average residential home value in Miami-Dade County is $227,569,[3] while the average residential home value in Hamilton County (the lowest average in Florida) is $63,056.  This is far above the $100 threshold per class member that is needed to reach a $5,000,000 amount in controversy.

33.     Plaintiffs' allegations place in controversy an amount well in excess of $5 million.  For purposes of removal "the question is not what damages the Plaintiff will recover, but what amount is 'in controversy' between the parties."  *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005) ("That the Plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the Plaintiff will fail and the judgment will be zero) does not prevent removal.").  While Defendants dispute that they are liable to Plaintiffs or the putative class, or that Plaintiffs or the putative class suffered any injury or incurred damages in any amount whatsoever, or that any class is certifiable, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5 million.

### IV.     REMOVAL IS PROPER ON DIVERSITY OF CITIZENSHIP.

34.     Removal is also proper based on complete diversity of citizenship because each Plaintiff is diverse from each of the Defendants.  Plaintiffs are citizens of Florida, while Defendants are citizens of Delaware and Virginia.

35.     As demonstrated above, the amount in controversy for Plaintiffs' claims easily exceeds $75,000 exclusive of interest and costs because Plaintiffs seek declaratory, injunctive

---

[3] Miami-Dade average residential home value according to the Florida Housing Data Clearinghouse, Florida which is jointly funded by the Florida Housing Finance Corporation (Florida Housing Trust Fund) and the Shimberg Center for Housing Studies at the University of Florida.  *See* http://flhousingdata.shimberg.ufl.edu/a/profiles?action=results&nid=4300.  The lowest average home value in a county in Florida is $63,056.  *Id*.

relief, and damages concerning a $182,000 Mortgage. Accordingly, removal is proper based on diversity of citizenship.

## V. RESERVATION OF RIGHTS AND DEFENSES

36. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them and reserve all such defenses. If any questions arise as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present oral argument.

**WHEREFORE**, HSBC BANK U.S.A., N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) hereby request that this action be removed to the Southern District of Florida.

Respectfully submitted,

*Counsel for Defendants HSBC BANK U.S.A., N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA)*

| | |
|---|---|
| <u>Of Counsel</u> | GREENBERG TRAURIG, P.A. |
| | 401 E. Las Olas Boulevard |
| Louis Smith, Esq. | Suite 2000 |
| GREENBERG TRAURIG, LLP | Fort Lauderdale, Florida 33301 |
| 200 Park Avenue | Telephone: (954) 765-0500 |
| P.O. Box 677 | Fax : (954) 765-1477 |
| Florham Park, New Jersey 07932 | |
| Telephone (973) 360-7900 | By :*s/John L. McManus* |
| Fax (973) 301-8410 | JOHN L. MCMANUS |
| Email: smithlo@gtlaw.com | Florida Bar No. 0119423 |
| | Primary Email: mcmanusj@gtlaw.com |
| | Secondary Email: yeargina@gtlaw.com; |
| | and FLService@gtlaw.com |

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic Mail upon: John H. Ruiz, Esq. and Karen Barnet-Backer, Esq., LAW OFFICES OF LA LEY CON JOHN H. RUIZ, P.A., *Counsel for Plaintiff*, 4182 S.W. 74 Court, Miami, Florida 33155 (E-mail: serve@lawofficeslaley.com) on 3rd day of March 2014.

                                                  */John L. McManus*
                                                  JOHN L. MCMANUS